IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JESSE JAMES BROOKS, # 137228, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 2:16cv648-MHT |
| ) | [WO] |
| LEEPOSEY DANIELS, *et al.,* ) | |
| ) | |
| Respondents. ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Jesse James Brooks, a state inmate at Staton Correctional Facility in Elmore, Alabama, filed this petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. Brooks challenges the decision by the Alabama Board of Pardons and Paroles (the "Parole Board") to rescind his parole after it initially granted parole.

### I.   BACKGROUND

Brooks was serving life sentences for convictions in the Washington County Circuit Court for third-degree burglary and in the Mobile County Circuit Court for second-degree possession of a forged instrument. On December 9, 2014, the Parole Board granted him parole subject to his submission of a satisfactory home-and-job plan. *See* Doc. 13-1 at 6. On May 7, 2015, the Parole Board sent Brooks a letter informing him that the home-and-job plan he had submitted was unsatisfactory and that he should submit another plan as soon as possible. Doc. 13-1 at 11. Thereafter, Brooks submitted another home-and-job plan. On July 10, 2015, the Parole Board sent Brooks a letter notifying him that a hearing would be held on September 3, 2015, at which the Board would consider (1) whether the

parole order entered on December 9, 2014 was void; and (2) whether it was proper to grant parole. Doc. 13-1 at 12.  On September 3, 2015, a hearing was held where Brooks' parole was rescinded. Doc. 13-1 at 13.  His next parole consideration date was set for September 2018.

On September 22, 2015, Brooks filed a petition for writ of certiorari in the Circuit Court for Montgomery County challenging the Parole Board's decision to rescind his parole.[1]  Doc. 13-1 at 5–10.  In his petition, Brooks alleged that the Parole Board violated his due process rights by rescinding his parole without first finding that its previous order granting parole was improper. Doc. 13-1 at 9–10.  He further alleged that the Parole Board violated his right to equal protection because he was similarly situated with individuals who had been granted parole and because the Board rescinded its order granting parole based on his race and religion. Doc. 13-1 at 8–10.

On November 4, 2015, the circuit court entered an order dismissing Brooks' petition for writ of certiorari. Doc. 13-1 at 40.  Brooks appealed the decision to the Alabama Court of Criminal Appeals,[2] and on March 24, 2016 that court issued a memorandum opinion affirming the circuit court's judgment. Doc. 13-5.  Brooks' application for rehearing was overruled on April 6, 2016. Docs. 13-6 & 13-7.  Brooks then filed a petition for certiorari review with the Alabama Supreme Court. Doc. 13-10.  That court denied the petition for certiorari on July 8, 2016. Doc. 13-11.

---

[1] Review of actions by the parole board in Alabama "is by a petition for a common-law writ of certiorari filed in the Circuit Court of Montgomery County." *Henley v. St. of Ala. Bd. of Pardons & Paroles*, 849 So. 2d 255, 257 (Ala. Crim. App. 2002); *see also Johnson v. State*, 729 So. 2d 897, 898 (Ala. Crim. App. 1997).
[2] "The Court of Criminal Appeals has jurisdiction of an appeal from the denial of a writ of a certiorari attacking the Board's denial or revocation of parole." *Henley*, 849 So.2d at 257.

Brooks filed this § 2254 petition on August 3, 2016, presenting claims that, in rescinding his parole, the Parole Board (1) violated his due process rights; (2) failed to comply with its own rules and procedures and with "mandatory" provisions of Alabama's parole statute; and (3) violated his right to equal protection. Doc. 1 at 5–9.

For the reasons stated below, the Magistrate Judge recommends that Brooks' § 2254 petition be denied and this action be dismissed with prejudice.

## II.   DISCUSSION

### A.   Due Process Claim

Brooks claims that the Parole Board violated his due process rights by rescinding his parole. Docs. 1 at 9 & 2 at 6–12.  However, there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of the Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979); *see also Bd. of Pardons v. Allen*, 482 U.S. 369, 377, n.8 (1987) (holding that a state has no duty to establish a parole system or to provide parole for all categories of convicted persons and that the state may place conditions on parole release).  While a petitioner may have an expectation that he may someday be released or paroled, the natural desire to be released is no different from the initial resistance to be confined. *Greenholtz*, 442 U.S. at 7.  Once a valid conviction has been entered, the petitioner has been constitutionally deprived of his liberty right to be conditionally released before the expiration of his sentence. *Id*.

Alabama law creates no liberty interest in a possible grant of parole because its parole statute is framed in discretionary terms and the parole of prisoners falls within the unfettered discretion of the Parole Board. *Thomas v. Sellers*, 691 F.2d 487, 489 (11th Cir.

1982); *see Monroe v. Thigpen*, 932 F.2d 1437, 1441 (11th Cir. 1991). Absent the existence of a constitutionally protected liberty interest in parole, "the procedures followed in making the parole determination are not required to comport with the standards of fundamental fairness." *O'Kelley v. Snow*, 53 F.3d 319, 321 (11th Cir. 1995); *Slocum v. Ga. St. Bd. of Pardons & Paroles*, 678 F.2d 940, 942 (11th Cir. 1982). "Thus, the procedural due process protections of the Fourteenth Amendment do not apply either to the parole decision making process, or the parole consideration process." *James-Bey v. Dillard*, 2014 WL 896968, at *6 (M.D. Ala. 2014) (citations omitted).

The Parole Board rescinded Brooks' parole before he was released from prison. In *Jago v. Van Curen*, 454 U.S. 14 (1981), the Supreme Court held that even when a parole board grants parole and adopts a specific parole date, the understanding between the board and prisoner does not create a protected liberty interest and that, until a prisoner has actually been released, parole may still be rescinded without implicating constitutional rights. *Jago*, 454 U.S. at 14–21. Because the Parole Board rescinded Brooks' parole prior to his release from prison, the reasoning of *Jago* is controlling in Brooks' case.

In affirming the circuit court's dismissal of Brooks' petition for writ of certiorari, the Alabama Court of Criminal Appeals noted that the State of Alabama's parole statute affords an inmate no liberty interest in the grant of parole, and—applying Jago—the court held that "[b]ecause Brooks had not been released from custody, he did not have a liberty interest at stake" and thus "he was not entitled to due process prior to the Board's rescission of its decision to grant parole." Doc. 13-5 at 5–6.

4

Brooks asserts nothing in his § 2254 petition that warrants federal habeas relief on his due process claim. Adjudication of this claim in the courts of Alabama did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, and the state-court decision denying relief on the claim was not based on an unreasonable determination of the facts in light of the evidence presented.[3]

**B.    Noncompliance with Rules, Procedures, and Parole Statute**

Brooks claims that, in rescinding his parole, the Parole Board failed to comply with its own rules and procedures and with "mandatory" provisions of Alabama's parole statute. Doc. 1 at 6 & 8; Doc. 2 at 5–12. Brooks identifies no specific rule or procedure of the Parole Board not followed in his case. However, he argues that the Parole Board violated the "mandatory" provisions of Alabama Code §§ 15-22-38 and 15-22-40, which he says require the Board to make a finding that a grant of parole is void before it may rescind the parole. *See* Doc. 2 at 5–12. This claim lacks merit.

Section 15-22-38 of the parole statute provides: "The duties imposed upon the members of the Board of Pardons and Paroles by this article are mandatory, and the limitations and restrictions on the powers of the board or the members thereof shall be strictly construed." Section 15-22-40 provides: "Any pardon, parole, remission of a fine or forfeiture or restoration of civil and political rights granted, ordered or made contrary to

---

[3] To prevail on a § 2254 claim adjudicated on the merits by the state courts, a petitioner must show that a decision by the state courts was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) & (2); *see Williams v. Taylor*, 529 U.S. 362, 404–13 (2000).

the provisions of this article shall be null and void and shall have no force or effect." Manifestly, neither of these statutory provisions mandates that the Parole Board make a finding that an initial grant of parole is void before it rescinds the parole. Brooks is simply reading language into Alabama's parole statute that does not exist in the statute. He is not entitled to habeas relief on this claim.

C.  **Equal Protection Claim**

Finally, Brooks claims that the Parole Board violated his right to equal protection in rescinding his parole. Docs. 1 at 5 & 2 at 2–5. He maintains that his parole was rescinded based on his race and religion because he is an African American and Muslim. Doc. 2 at 2–5. To establish a claim cognizable under the Equal Protection Clause, "a prisoner must [at a minimum] demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis." *Sweet v. Sec., Dept. of Corrs.*, 467 F.3d 1311, 1318–19 (11th Cir. 2006) (citing *Jones v. Ray*, 279 F.3d 944, 946–47 (11th Cir. 2001); *Damiano v. Fla. Parole & Probation Comm.*, 785 F.2d 929, 932–33 (11th Cir. 1986)). "[O]fficial action will not be held unconstitutional solely because it results in a . . . disproportionate impact. . . . Proof of . . . discriminatory intent or purpose is required to show a violation of the Equal Protection Clause." *Village of Arlington Heights v. Metro. Housing Dev. Corp.*, 429 U.S. 252, 264–65 (1977). "'Discriminatory purpose' . . . implies more than intent as volition or intent as awareness of consequences. It implies that the decision maker . . . selected. . . a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an

identifiable group." *Personnel Admin. of Mass. v. Feeney*, 442 U.S. 256, 279 (1979) (footnote and citation omitted); *see also Hernandez v. New York*, 500 U.S. 352, 359 (1991).

In a case such as this one, where the petitioner challenges actions of parole officials, exceptionally clear proof of discrimination is required. *Fuller v. Ga. Bd. of Pardons & Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988). Evidence that merely indicates disparity of treatment or even arbitrary administration of state powers, rather than instances of purposeful or invidious discrimination, is insufficient to show discriminatory intent. *McKleskey v. Kemp,* 481 U.S. 279, 292 (1987). Even arbitrary decisions made without an intent to discriminate do not violate the equal protection clause. *E & T Realty v. Strickland,* 830 F.2d 1107, 1113–14 (11th Cir. 1987).

In addressing Brooks' equal protection claim, the Alabama Court of Criminal Appeals held that

> Brooks has made only conclusory allegations that he is similarly situated with other inmates who were granted parole. He failed to allege facts indicating that the other prisoners' crimes, behavior in prison, or other factors considered by the board were similar to his. Because Brooks failed to allege in his petition facts indicating that he was similarly situated to prisoners who were granted parole, the circuit court correctly dismissed his claim. Consequently, this claim does not entitle Brooks to any relief.

Doc. 13-5 at 8.

Brooks fails to establish that his parole was rescinded by the Parole Board based on purposeful or invidious discrimination. He also fails to establish that he is similarly situated to those other inmates who have submitted a second home-and-job plan and have been granted and released on parole. Other than Brooks' self-serving, conclusory

7

allegation that the Parole Board violated his equal protection rights, the state-court record is devoid of evidence that the Board acted in an intentionally discriminatory manner.

Brooks asserts nothing in his § 2254 petition that warrants federal habeas relief on his equal protection claim. Adjudication of that claim in the courts of Alabama did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, and the state-court decision was not based on an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d)(1) & (2).

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case be DISMISSED with prejudice.

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the petitioner. The petitioner is DIRECTED to file any objections to this Recommendation on or before **July 23, 2018.** Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the petitioner objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal

conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

    DONE this 9th day of July, 2018.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE